**TIAN HUA LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General & Department of Homeland Security, Respondents.**

Nos. 05–3075–ag(L), 05–3077–ag(CON).

United States Court of Appeals, Second Circuit.

June 16, 2006.

Stuart Altman, New York, NY, for Petitioner.

David L. Huber, U.S. Atty. for the Western District of Kentucky, L. Jay Gilbert, Asst. U.S. Atty., Louisville, KY, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Tian Hua Lin and Mei Ying Ke, through counsel, petition for review of the BIA's

decision affirming Immigration Judge ("IJ") Helen Sichel's denial of their applications for asylum and withholding of removal and deportation. We presume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA effectively adopted the IJ's findings and ultimate determination that Lin and Ke failed to carry their burden of proof we review both the BIA's and the IJ's decision. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). This Court reviews *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). A determination "based on flawed reasoning . . . will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal*, not factual error." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted).

The IJ reasonably found a number of significant inconsistencies between Lin's and Ke's testimony, and between their testimony and the documentary evidence. The IJ also reasonably found that Lin failed to offer a sufficient explanation for why his 1993 testimony before the asylum officer was different from his 2003 testimony before the IJ. Although the IJ did not explicitly state that she had made an adverse credibility finding, it is clear from her opinion that her ultimate conclusion that the respondents had failed to meet their burden of proof was based on her view that the respondents had not provided credible testimony with respect to either the claim of a forced abortion or the claim of entering into a traditional marriage ceremony. The IJ's disbelief of the claim concerning the marriage ceremony is flawed to the extent that she relied on a minor discrepancy concerning the number of tables at the alleged marriage banquet, but we can be confident that, even with this flawed aspect of the decision disregarded, the conclusions of the IJ and the BIA would be the same. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005).

The BIA also found that Ke and Lin had not established a well-founded fear of persecution on account of having married and had a child in the United States. Ke and Lin do not argue that claim before this Court, and therefore we will not address it. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (explaining that issues not argued in briefs are considered waived and will not normally be addressed). Ke and Lin waived their claim for relief under the Convention Against Torture ("CAT") before the IJ and they did not argue it before the BIA or this Court. Therefore, we cannot, reach that issue.[1] *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (noting that the Court does not have jurisdiction to reach unexhausted bases of relief); *Yueqing Zhang*, 426 F.3d at 546 n. 7.

---

1. Although the government argues that Ke and Lin failed to exhaust their claim for withholding of removal and deportation before the BIA, the BIA indicated that it nevertheless considered those claims, thereby mooting any exhaustion concerns. *See Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1993).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).